IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

SURE SPORTS LENDING, LLC,
A Limited Liability Company,

Case No. 0:18cv62647

v.

JASON PETERS
_____/

## COMPLAINT

Plaintiff, SURE SPORTS LENDING, LLC ("Plaintiff" or "SSL"), by and through undersigned counsel, hereby sues JASON PETERS ("Defendant" or "PETERS"), and, in support thereof, states as follows:

## PARTIES

1. Plaintiff, SSL, is a Pennsylvania Limited Liability Company duly authorized to operate within the state of Florida, with a principal place of business located at 1926 Hollywood Blvd., 308, Hollywood, FL 33020.

2. Defendant, PETERS, is a citizen of the state of New Jersey, residing at 164 Cedar Court, Swedesboro, NJ 08085.

## NATURE OF ACTION, JURISDICTION, AND VENUE

3. This is an action for Breach of Contract.

4. This matter is within the jurisdiction of this Court pursuant to 28 U.S.C. §1332(a). The parties are diverse, and the amount in controversy exceeds $75,000.00

5. Venue is proper in this District pursuant to the contract in dispute, which states, "This agreement shall be governed by the laws of the state of Florida," and the parties "agree that

the courts of the state of Florida shall be the appropriate venue to resolve all claims arising thereto."

## GENERAL ALLEGATIONS

6. On February 25, 2016, SSL and PETERS entered into a Fee Agreement (the "Agreement"). According to the Agreement, PETERS agreed to pay SSL a fee equal to Four Percent (4%) of the gross amount or loan commitment received by PETERS pursuant to underwriting services performed by SSL on PETERS' behalf. A copy of the Agreement is attached hereto as **Exhibit A**.

7. At all times relevant, SSL fully performed all terms and conditions required per the Agreement, and provided underwriting services to PETERS' benefit.

8. In addition to the fee arrangement offered and accepted by SSL in the execution of the Agreement and providing of services thereunder, Section D of the Agreement states:

> **As further consideration to SSL, [PETERS] agrees not to obtain financing from Lenders or equity participants supplied by SSL, either directly or through third parties, without prior express written consent of SSL, for period of 36 months from the date of this agreement.**

9. As a result, during the period beginning February 25, 2016 and ending on February 25, 2019 ("Prohibition Period"), PETERS and individuals serving on PETERS' behalf are prohibited from obtaining financing from lenders introduced by SSL.

10. Per the underwriting services performed for PETERS, on August 18, 2017, Sure SSL attained a loan for PETERS through Cornerstone Capital (the "Cornerstone Capital Loan"). As such, Cornerstone Capital qualifies as a "Lender or equity participant supplied by SSL," and PETERS is not allowed to obtain subsequent financing therefrom during the Prohibition Period without SSL's prior written consent.

11. On April 20, 2018, PETERS, by and through his business manager, Sam Kumar, obtained a loan from Cornerstone Capital in the amount of Four Million, Five Hundred Thousand Dollars (USD $4,500,000.00) ("Second Cornerstone Capital Loan").

12. Despite multiple conversations between SSL and PETERS' business manager, Sam Kumar, regarding PETERS' breach of the Fee Agreement due to attaining the Second Cornerstone Capital Loan without written consent, PETERS has failed and/or outright refused to remedy the situation.

13. On October 17, 2018, SSL delivered a "Demand for Immediate Payment of Outstanding Fees" (the "Demand," attached hereto as **Exhibit B**) to PETERS, demanding that PETERS pay SSL the Four Percent (4%) fee from the Second Cornerstone Capital Loan it would have been entitled to receive per the Agreement.

14. As of the date hereof, PETERS has failed to comply with the terms provided via the Demand. As a result, SSL has been forced to retain undersigned counsel for the purpose of asserting its rights under the Agreement.

## COUNT I – BREACH OF CONTRACT

15. Plaintiff hereby incorporates by reference Paragraphs 1-14 of the Complaint as if fully set forth herein and further alleges:

16. This is a count for breach of contract against PETERS.

17. Pursuant to the Fee Agreement, PETERS, individually and through any individual acting on his behalf, was barred during the Prohibition Period (February 25, 2016 – February 25, 2019) from attaining financing from any lenders supplied by SSL without first obtaining SSL's prior written consent.

18.     Per the Cornerstone Capital Loan facilitated by SSL, Cornerstone Capital constitutes a lender supplied by SSL.

19.     PETERS breached the Agreement by, through his business manager, Sam Kumar, obtaining the Second Cornerstone Capital Loan from Cornerstone Capital without first obtaining SSL's prior written consent.

20.     At all times relevant, PETERS and his business manager, knew and were aware of the covenants set forth in the Agreement, including, without limitation, the Prohibition Period set forth in Section D thereof.

21.     The Prohibition Period serves as a material inducement for SSL's execution of the Agreement. SSL provides a unique and specific service through its providing of underwriting services, including, without limitation, connecting potential borrowers to clientele that they otherwise would not be afforded the opportunity to loan from, and the undercutting of SSL in the underwriting process cannot be tolerated or treated lightly.

22.     PETERS and/or PETERS' business manager, Sam Kumar, acted with total disregard for the Prohibition Period, which is in place to protect SSL from circumvention and/or other wrongful acts of misappropriation of its services.

23.     As a direct and proximate result of PETERS' breach, SSL has suffered damages in the amount One Hundred and Eighty Thousand Dollars (USD $180,000.00), the fee SSL would have received had it procured the Second Cornerstone Capital Loan on PETERS' behalf.

**WHEREFORE,** Plaintiff, SURE SPORTS LENDING, LLC, demands judgment in its favor and against JASON PETERS in the amount of $180,000.00, together with interest, and such other and further relief as may be appropriate under the circumstances.

November 1, 2018                                         Respectfully submitted.

**HEITNER LEGAL, P.L.L.C**
*Attorney for Plaintiff*
215 Hendricks Isle
Fort Lauderdale, FL 33301
Phone: 954-558-6999
Fax: 954-927-3333

By: _____
DARREN A. HEITNER
Florida Bar No.: 85956
Darren@heitnerlegal.com